UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW PERRY,

                        Plaintiff,

       v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                        Defendant.
_____

**DECISION
and
ORDER

19-CV-525F
(consent)**

APPEARANCES:           LAW OFFICES OF KENNETH R. HILLER, PLLC
                             Attorneys for Plaintiff
                             KENNETH R. HILLER, and
                             JEANNE ELIZABETH MURRAY, of Counsel
                             6000 North Bailey Avenue
                             Suite 1A
                             Amherst, New York  14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York  14202
                                     and
                             DENNIS J. CANNING, and
                             FRANCIS D. TANKARD
                             Special Assistant United States Attorney, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             601 East 12th Street
                             Room 965
                             Kansas City, Missouri  64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On April 7, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 12). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on September 20, 2019 (Dkt. 8), and by Defendant on November 13, 2019 (Dkt. 10).

**BACKGROUND**

Plaintiff Matthew Perry ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed on August 5, 2015 with the Social Security Administration ("SSA"), for Social Security Disability Insurance ("SSDI") under Title II of the Act, and on August 31, 2015 for Social Security Supplemental Income ("SSI") under Title XVI of the Act (together, "disability benefits"). Plaintiff alleges he became disabled on January 9, 2015, based on back/leg issues since 2015, bulging disc in lower back, deteriorating discs in lower back, difficulty walking, shooting pains down legs, and inability to sit/stand more than 20 minutes at one time. AR[2] at 174, 178. Plaintiff's applications initially were denied on October 15, 2015, AR at 54-70, 77-92, and at Plaintiff's timely request, AR at 93-97, on February 14, 2018, a hearing was held in Buffalo, New York via video conference before administrative law judge Susan G. Smith ("the ALJ"), located in Alexandria, Virginia. AR at 29-53 ("administrative hearing"). Appearing and testifying at

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on July 22, 2019 (Dkt. 6).

2

the administrative hearing were Plaintiff, represented by Kelly Laga, Esq. ("Laga"), and vocational expert Michael Dorsey ("the VE").

On April 2, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 7-23 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council. AR at 130-34. On March 1, 2019, the Appeals Council denied Plaintiff's request for review, AR at 1-6, rendering the ALJ's Decision the Commissioner's final. On April 23, 2019, Plaintiff commenced the instant action in this court seeking judicial review of the ALJ's Decision.

On September 20, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 8) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Administrative Record (Dkt. 8-1) ("Plaintiff's Memorandum"). On November 13, 2019, Defendant moved for judgment on the pleadings (Dkt. 10) ("Defendant's Motion"), attaching Defendant's Brief in Support of Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 (Dkt. 10-1) ("Defendant's Memorandum"). Filed on December 4, 2019 was Plaintiff's Response to Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Matthew Perry ("Plaintiff" or "Perry"), born October 14, 1971, was 43 years old as of January 9, 2015, his alleged disability onset date ("DOD"),[4] and 46 years old as of April 2, 2018, the date of the ALJ's Decision.  AR at 19, 33, 38, 56, 135, 147, 154.  As of the administrative hearing, Plaintiff was divorced and lived with his girlfriend and two young children in an apartment.  AR at 36-37.  Plaintiff's girlfriend worked from home and watched Plaintiff's youngest child while the older child attended school.  AR at 36-37.

On his disability benefits applications, Plaintiff reported his daily activities included taking short walks to "loosen up," spending some time sitting or standing outside, going to the grocery store for milk or bread, showering, watching television, and sleeping.  AR at 185.  Plaintiff had no problems with personal care, AR at 186-87, prepared simple meals such as sandwiches and using the microwave, AR at 187, but relied on his girlfriend to do most of the housework, and traveled by walking and riding in cars.  AR at 187-88.  Plaintiff's activities and hobbies include watching sports and talking with friends which he did on a daily basis.  AR at 189.

Plaintiff attended high school through 10th grade, never obtained a general equivalency diploma, and has no military or vocational training or background.  AR at 37.  Plaintiff did not have a driver's license but had a machine forklift driver's license, and his work history includes jobs as a forklift operator and a laborer.  AR at 37-38.  It is undisputed that Plaintiff suffers from back problems which Plaintiff attributes to his work

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.
[4] Plaintiff initially alleged November 16, 2012 as his DOD, AR at 56, 135, 147, 154, but at the administrative hearing, Plaintiff amended his DOD to January 9, 2015.  AR at 33, 38.

history as a laborer.  AR at 40.  Plaintiff stopped working on November 15, 2012 because of his asserted impairments.  AR at 178.

Plaintiff underwent two back surgeries, the first a L5-S1 microdiscectomy in 2011,[5] following which Plaintiff "did very well" until September 2014 when Plaintiff's symptoms returned, specifically, low back pain radiating into Plaintiff's left leg and knee.  AR at 236.  Plaintiff was then treated at Buffalo Neurosurgery Group by neurosurgeon James G. Egnatchik, M.D. ("Dr. Egnatchik"), who ordered diagnostic tests, including an MRI that showed post-operative changes at L5-S1 with a prior left-sided laminectomy and scar on the anterior epidural space encasing the left S1 nerve root associated with degenerative disc disease without any evidence of recurrent disc herniation and a small right lateral L4-L5 disc herniation projecting into the right L4-L5 neural foramen.  AR at 238-39.  Dr. Egnatchik recommended anterior lumbar interbody fusion at L4-L5 and L5-S1 followed by posterior fusion with pedicle screws and rods ("lumbar fusion"), AR at 240-41, which Plaintiff underwent on August 18, 2015.  AR at 263-67.

Following the lumber fusion, Plaintiff became upset when his then primary care physician, Soosaipillai G. Jeyapalan, M.D. ("Dr. Jeyapalan"), refused to prescribe narcotic pain medication, advising Plaintiff would have to obtain such medication from Dr. Egnatchik.  AR at 260, 290.  Following this encounter, Plaintiff did not return to Dr. Jeyapalan for further treatment but on November 22, 2016, commenced receiving primary care at Lakeshore Primary Care Associates ("Lakeshore"), from Matthew Plucinski, M.D. ("Dr. Plucinski").  AR at 327-75.

---

[5] The records for Plaintiff's microdiscectomy, including the attending surgeon and date of the surgery, are not in the record.

5

In connection with his disability benefits applications, Plaintiff underwent a consultative medical examination with Hongbiao Liu, M.D. ("Dr. Liu"), on October 12, 2015.  On June 2, 2017, Plaintiff was treated by Dr. Plucinski for what eventually was determined to be pneumonia and empyema (lung infection with congestion) for which Plaintiff had a drainage tube inserted.[6]  AR at 330-70.

## DISCUSSION

**1.**     **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's

---

[6] Plaintiff does not assert disability based on his bout with pneumonia and empyema.

6

function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[7] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.  Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant

---

[7] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

7

is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

     In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through December 31, 2017, AR at 13, has not engaged in substantial gainful

activity since January 9, 2015, his alleged DOD, *id.* at 13, and suffers from the severe impairments of degenerative disc disease, and status post lumbar surgery, *id.*, that Plaintiff's other conditions, including empyema, pneumonia, nicotine dependence, constipation, and knee pain are not severe impairments, *id.*, and that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 13-14.  The ALJ further found that despite his impairments, Plaintiff retains the RFC to perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but is only occasionally able to climb stairs/ramps, stoop, kneel, balance, and crouch, can never crawl, or climb ladders/ropes/scaffolds, must avoid concentrated exposure to hazards including dangerous moving machinery, uneven terrain, and unprotected heights, and occasionally can push/pull and use foot controls bilaterally. AR at 14-17.  Plaintiff is unable to perform any PRW, AR at 17, yet given Plaintiff's RFC, age, limited education, and ability to communicate in English, Plaintiff can perform jobs that exist in significant numbers in the national economy including as a mail clerk, marker, and garment sorter, all jobs identified by the VE in response to the ALJ's hypotheticals posed at the administrative hearing.  *Id.* at 17-18.  *See* AR at 48-51 (VE testimony).  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act.  *Id.* at 18-19.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed to properly evaluate the medical opinions of record, relying instead on her own lay interpretation of bare medical

facts which are harmful errors requiring remand.  Plaintiff's Memorandum at 15-30.  Defendant argues the ALJ properly evaluated the opinions of record.  Defendant's Memorandum at 16-26.  In reply, Plaintiff repeats his argument that the ALJ's asserted failure to properly evaluate the medical opinions of record was harmless error requiring remand for further assessment of Plaintiff's RFC.  Plaintiff's Reply at 1-8.  There is no merit to Plaintiff's arguments.

Plaintiff's argument concerns three medical opinions, including that of Plaintiff's neurosurgeon Dr. Egnatchik rendered February 20, 2017, AR at 315-16, the February 13, 2018 opinion of Louis Pawlowski, DNP ("NP Pawlowski"), AR at 386-90, and Dr. Liu who conducted an internal medicine consultative examination on October 12, 2015.  AR at 309-12.  The court's consideration of the ALJ's treatment of each of these three opinions establishes substantial evidence in the record supports the weight the ALJ gave to the opinions from Plaintiff's treating sources.

Dr. Egnatchik, as the neurosurgeon who performed Plaintiff's August 2015 lumbar fusion, is a treating physician to which the so-called "treating physician rule" applies.  Under the "treating physician rule," for disability benefits claims filed, like the instant claim, prior to March 27, 2017, an opinion from a treating medical source is entitled to controlling weight so long as the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record...."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  *See Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed. Appx. 34, 35 (2d Cir. 2017) (treating physician's opinion generally entitled to controlling weight when

"well-supported by medically acceptable clinical and laboratory diagnostic techniques and [ ] not inconsistent with other substantial evidence in the case record.") (citations omitted).  Where, however, an ALJ discounts a treating physician's opinion, the ALJ must set forth "good reasons" for doing so.  *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)).  The failure to provide good reasons for rejecting a treating physician's opinion is grounds for remand. *Halloran*, 362 F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician opinion and we will continue remanding when we encounter opinions from ALJ's [*sic*] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").  Further, the opinion of a treating physician is entitled to significant weight where it is supported by medical evidence in the record, and to controlling weight where it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Treating physician opinions, however, are not determinative and are granted controlling weight only when they are not inconsistent with other controlling evidence. 20 C.F.R. §§ 404.1527(d), 316.927(d); *Halloran*, 362 F.3d at 32 (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).

In the instant case, the ALJ did not violate the treating physician's rule with regard to her consideration of the opinion of Dr. Egnatchik who, on February 20, 2017, examined Plaintiff in further follow-up to the August 2015 lumbar fusion, reporting Plaintiff was in "moderate discomfort" but ambulated without assistive device.  AR at 315-16.  Dr. Egnatchik's review of a recent scan of Plaintiff's lumbo-sacral spine

showed the pedicle screws "in excellent position" with "no sign of instrumentation failure." AR at 316. Dr. Egnatchik encouraged Plaintiff to continue with his pain management physician because "[d]espite x-rays showing a nice fusion his symptoms are not improved." AR at 316. Dr. Egnatchik concluded by opining Plaintiff "is permanently disabled from employment" and recommended Plaintiff apply for disability benefits. *Id.* The ALJ accorded this opinion "little weight" because the whether a claimant is disabled under the Act is a determination reserved for the Commissioner, charactering the statement as "conclusory" and of "limited probative value as it is not vocationally specific." AR at 16. The ALJ also found Dr. Egnatchik's opinion inconsistent with the previous November 8, 2016 examination when Dr. Egnatchik reported Plaintiff demonstrated mild weakness in all muscle groups of his right lower extremity, yet ambulated with a steady gait and without assistive device, AR at 314, and an April 2016 MRI showed "stable instrumentation with no hardware failure," and "[n]o evidence of any new disc herniation or nerve root compression." *Id.* The ALJ further considered reports generated after Dr. Egnatchik's February 20, 2017 opinion establishing when Plaintiff attended Lakeshore for primary care, he repeatedly denied musculoskeletal complaints and had a steady gait without use of any assistive device. *See* AR at 331 (June 23, 2017), 345-46 (June 9, 2017), 353 (June 8, 2017), 360-61 (June 6, 2017), and 368-69 (June 2, 2017). That Plaintiff's medical records also show Plaintiff at times walked with an antalgic gait does not, as Plaintiff argues, Plaintiff's Memorandum at 21-22, establish the ALJ's Decision is not supported by substantial evidence in the record. *See Cage v. Comm'r of Soc. Sec.*, 692 F.2d 118, 127 (2d Cir. 2012) (under the deferential standard of review, substantial evidence in the record may

support two contrary rulings).  Accordingly, a plain reading of the record supports the ALJ's determination that Dr. Egnatchik's opinion is not well-supported by other evidence in the record, but is inconsistent with other substantial evidence in the record such that it is not entitled to controlling weight based on the treating physician rule.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  *See Genier v. Astrue*, 298 Fed.Appx. 105, 108 (2d Cir. 2008) ("If the treating physician's opinion is well-supported by other medical evidence, then it is given controlling weight." (citing 20 C.F.R. 416.927(d)(2))).

Plaintiff also maintains the ALJ failed to grant appropriate weight to the opinion of NP Pawlowski dated February 13, 2018.  AR at 386-90.  Plaintiff's Memorandum at 19-24.  As relevant here, NP Pawlowski opined on a Lumbar Spine Treatment Medical Source Statement form that Plaintiff, based on his back impairment as evidenced by various imaging diagnostic testing and surgical history, is unable to walk for more than 15 minutes, cannot walk one block, needs to constantly change positions between sitting, standing, and walking, can never lift any weight, is unable to twist, stoop/bend, crouch/squat, or climb ladders or stairs, and is significantly limited with regard to repetitive reaching, fingering, and handling, and that Plaintiff's impairments would likely cause him to miss at least four days of work each month.  AR at 386-90.  NP Pawlowski concluded that Plaintiff's physical, chronic condition prevents him from increasing his daily functioning as required to return to such "normalcy as holding a job."  AR at 389.

Preliminarily, NP Pawlowski, as a nurse practitioner, does not qualify under the regulations as a medical source and, as such, the treating physician rule does not apply to his opinion given that Plaintiff's claim was filed prior to March 27, 2017.  *See* 20 C.F.R. §§ 404.1502(a), 404.1513, 404.1527, 416.902(a), 416.013, and 416.927.

Although "the ALJ is certainly free to consider the opinion of [other medical sources] in making his overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician." *Genier,* 298 Fed.Appx. at 108. As with Dr. Egnatchik's opinion, the ALJ found NP Pawlowski's findings of the severity of limitations posed by Plaintiff's back impairment are not supported by other substantial evidence in the record, including Plaintiff's repeated assertions while obtaining medical treatment at Lakeshore that Plaintiff had no musculoskeletal complaints and walks with a steady gait and without any assistive devices. AR at 16 (citing AR at 331 (June 23, 2017), 345-46 (June 9, 2017), 353 (June 8, 2017), 360-61 (June 6, 2017), and 368-69 (June 2, 2017)). Furthermore, the ALJ observed that NP Pawlowski's assertion that Plaintiff is unable to return to working constitutes an administrative finding dispositive of the case that is reserved to the Commissioner. AR at 16 (citing 20 C.F.R. §§ 404.1527(e)(1)(3) and 416.927(e)(1)(3)). Accordingly, the ALJ did not err in granting NP Pawlowski's opinion "little weight."

      Plaintiff also claims the ALJ erred by failing to make an independent attempt to obtain additional pain management records from NP Pawlowski when Plaintiff's own attempts proved unsuccessful because the practice out of which NP Pawlowski worked, Excel Care, closed and NP Pawlowski could not be located. Plaintiff's Memorandum at 21-23. An ALJ, however, does not err in failing to develop the record where the claimant's counsel advises she is seeking the missing records, the ALJ keeps the administrative record open to allow for supplementation, but counsel never submits the additional records, and the claimant never requests the ALJ's assistance in obtaining the records. *Jordan v. Comm'r of Soc. Sec.*, 142 Fed.Appx. 542, 543 (2d Cir. 2005).

Here, the record establishes that at the administrative hearing, Laga advised of the outstanding pain management records she was attempting to locate, but that Excel Care had closed, AR at 32-33, the ALJ agreed to Laga's request for additional time to provide the records, AR at 33, but Plaintiff's counsel never sought the ALJ's assistant in obtaining the records, including requesting the ALJ exercise her authority pursuant to 20 C.F.R. § 405(d) to subpoena such records, which were never submitted.  Accordingly, the ALJ did not err in failing to independently attempt to obtain the putative records. *Jordan*, 142 Fed.Appx. at 543.

Nor did the ALJ err in granting the October 12, 2015 consultative opinion of Dr. Liu, AR at 309-12, "partial weight."  As relevant, in assessing Plaintiff, Dr. Liu observed Plaintiff was in no acute distress, yet walked slowly using a cane which Plaintiff reported he used "all the time indoors and outdoors" both to keep his balance and limit his pain. AR at 310.  Dr. Liu opined Plaintiff's use of the cane, which was not prescribed but was self-purchased, was necessary because Plaintiff needed help changing for the examination, getting on and off the examination table, and rose from a chair with difficulty.  *Id.*  Upon examining Plaintiff, Dr. Liu found Plaintiff with limited range of motion in his back, assessing Plaintiff with a moderate limitation for prolonged walking, bending, kneeling, and reaching overhead.  AR at 311-12.  The ALJ determined Dr. Liu's assessment was inconsistent with the record as a whole, particularly because it was largely based on Plaintiff's subjective reports of symptoms and limitations, including that no other medical report in the record reports Plaintiff walking with an assistive device or having other than a steady gait, similar to the ALJ's findings with regard to the opinions of Dr. Egnatchik and NP Pawlowski.  The ALJ also commented on the absence

of any evidence that Plaintiff was treated for any condition resulting in the moderate limitation Dr. Liu imposed on Plaintiff's capacity for overhead reaching. AR at 16. The ALJ further found Dr. Liu's assessment of Plaintiff as moderately limited for prolonged walking, bending and kneeling was consistent with Plaintiff's back impairment is supported by substantial evidence in the record. *Id.* Additionally, there is no merit to Plaintiff's assertion, Plaintiff's Memorandum at 24-25, that Dr. Liu's opinion is stale because it is based on an examination performed two months after Plaintiff's lumbar fusion from which Plaintiff was then recovering. Rather, Dr. Liu's examination of Plaintiff was performed during the relevant period within which Plaintiff must establish disability and the addition of subsequent medical records does not raise doubt as to the reliability of an earlier medical opinion. *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 n. 4 (2d Cir. 2016) (noting no case or regulation "imposes an unqualified rule that a medical opinion is superseded by additional material in the record"). Accordingly, the ALJ's granting only partial weight to Dr. Liu's consultative opinion is supported by substantial evidence in the record.

Furthermore, both the hypotheticals the ALJ posed to the VE, along with the ALJ's RFC determination are consistent with those portions of Dr. Liu's consultative examination to which the ALJ granted partial weight, specifically, limiting Plaintiff to light work with additional limitations to climbing stairs and ramps, stooping, kneeling, balancing and crouching, and never crawling, or climbing ladders, ropers or scaffolds, working on uneven terrains, or at unprotected heights, and only occasionally pushing/pulling and using foot controls bilaterally. AR at 14. *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) ("'[T]he opinion of a treating physician is not binding if it

is contradicted by substantial evidence, and the report of a consultative physician may constitute such evidence.'" (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983))). Accordingly, the ALJ's determination of Plaintiff's RFC at step four of the analysis is supported by substantial evidence in the record.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is DENIED; Defendant's Motion (Dkt. 10) is GRANTED. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	September 16th, 2020
	Buffalo, New York